Defendant has moved to dismiss plaintiff's appeal due to plaintiff's failure to file a Form 44 or brief in this case. However, pursuant to Rule 801 of the North Carolina Workers' Compensation Rules, in the interest of justice and noting plaintiff's pro se status, the undersigned HEREBY DENY defendant's motion to dismiss and proceed to review the record as a whole for possible errors.
 ***********
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner. The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusion of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties at all relevant times.
2. The defendant was a duly qualified self-insured.
3. The plaintiff's average weekly wage as of December 31, 1991 was sufficient to generate a maximum compensation rate of $406.00.
4. The issue for determination is whether the plaintiff has contracted a compensable occupational disease within the meaning of N.C. Gen. Stat. § 97-53 (28).
5. Noise Surveillance Records, Audiograms, Hearing Loss Questionnaires, and Medical Records of the plaintiff were stipulated into evidence.
 ***********
Based upon the competent, credible, and convincing evidence adduced at the initial hearing, the undersigned make the following additional
 FINDINGS OF FACT
1. At the time of the initial hearing, the plaintiff was a sixty-six year old male who began working for defendant in 1952. The plaintiff spent thirty-nine years working in the digester area, seventeen years as a capper, seven years as a washer, and ten years as a cook. In the digester area, a loud vibrator knocked wood chips down where rods would beat the chips, which would then be cooked with steam and ground into pulp.
2. From the 1970's until plaintiff retired on December 31, 1991, the plaintiff was exposed to noise levels which exceeded 90 decibels, according to noise level surveys conducted throughout the plant.
3. The plaintiff began to use ear plugs and muffs which were provided by the defendant over the last fifteen to eighteen years of his work with defendant-employer.
4. The plaintiff began working in the control room, which is sound-proof, in approximately 1985 or 1986.
5. The plaintiff began to notice changes in his hearing in the 1970's. The 1974 hearing test revealed a decrease in plaintiff's hearing in the high frequency range.
6. In 1980, plaintiff's hearing test showed a fairly significant hearing loss in the high frequencies, with a 6.3 percent loss.
7. A December 20, 1990 audiogram showed a nineteen percent binaural hearing loss.
8. The plaintiff operated a farm tractor for over thirty years and farmed twenty-seven acres of land with the tractor.
9. Noise-induced hearing loss is cumulative over time. Although some of plaintiff's binaural hearing loss was probably noise-induced, and could have perhaps been partially related to the employment with the defendant, it was not to any measurable degree of augmentation. In fact, it appears that the greater portion of plaintiff's binaural hearing loss occurred after the plaintiff retired from his employment with defendant.
10. The plaintiff's pre-existing coronary condition, exposure to off-the-job noise conditions, and history of reported otologic pathologies, including infections and drainage were primarily causative of plaintiff's binaural hearing loss.
11. There is insufficient convincing evidence of record to find by its greater weight that the plaintiff's noise-induced hearing loss was caused by or augmented to any measurable degree by prolonged exposure to harmful noise in his employment with the defendant.
 ***********
The foregoing stipulations and findings of fact engender the following
 CONCLUSION OF LAW
The plaintiff has failed to sufficiently or convincingly carry the burden of proof to establish that his hearing loss is an occupational disease within the meaning of N.C. Gen. Stat. §97-53 (28). Further, the evidence was insufficient to support a finding that plaintiff's binaural hearing loss was caused by or augmented to any measurable degree by prolonged exposure to harmful noise in his employment with the defendant.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
 ***********
IT IS FURTHERMORE ORDERED that this case is REMOVED from the Full Commission hearing docket.
This the ___________ day of _______________, 1998.
 S/ _____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER\DISSENTING:
S/ _____________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws
01/14/98